# Exhibit A



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**November 20, 2019 08:35**

By: STEPHAN I. VOUDRIS 0055795

Confirmation Nbr. 1874092

MARIO MALONE                                    CV 19 925455

vs.
                                                Judge: KELLY ANN GALLAGHER
ANCHOR TOOL & DIE CO.

Pages Filed: 4

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| MARIO MALONE<br>1795 W. 25th St. #340<br>Cleveland, OH 44113<br><br>   Plaintiff,<br><br>v.<br><br>ANCHOR TOOL & DIE CO.<br>aka Anchor Manufacturing Group, Inc.<br>12200 Brookpark Rd.<br>Cleveland, OH 44130<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **COMPLAINT FOR**<br>**UNPAID OVERTIME WAGES**<br><br><br><br>**JURY DEMAND**<br><u>**ENDORSED HEREON**</u> |

Plaintiff Mario Malone ("Plaintiff") alleges as follows for his Complaint against Defendant Anchor Tool & Die Co. ("Defendant"):

1. Defendant Anchor Tool & Die Co. does business as Anchor Manufacturing Group, Inc.

2. Anchor Manufacturing Group, Inc. is the registered trade name for Defendant.

3. Plaintiff worked for Defendant as an hourly employee in 2019.

4. Defendant's revenues exceed $500,000 per year.

5. Defendant was an employer of Plaintiff.

6. Defendant is an enterprise engaging in interstate commerce.

7. This Court has subject matter jurisdiction over the claims and parties raised in this Complaint.

8. This Court has personal jurisdiction over the parties to this action.

9. Venue is proper in Cuyahoga County, Ohio because Defendant conducted activity that gives rise to the claim for relief in Cuyahoga County, Ohio and separately because Plaintiff's claim for relief arose at least in part in Cuyahoga County, Ohio.

10. Plaintiff consents to become a party plaintiff in this action and has attached his written consent hereto as Exhibit A.

11. Plaintiff has hired the undersigned counsel and has agreed to pay them reasonable attorney's fees and costs if he is successful on one or more of the claims set forth herein.

12. Defendant paid Plaintiff at an hourly rate of $15.75 per hour.

13. Plaintiff was a non-exempt hourly employee under the Ohio Revised Code and the Fair Labor Standards Act.

14. Plaintiff usually worked significantly more than forty hours per week for Defendant.

15. Plaintiff performed work for Defendant before clocking in, for example, by using the computer system to check on the schedules of the presses, which would be reset by the computer system at midnight, so that he could be more efficient during the day.

16. Defendant's third shift supervisor was aware that Plaintiff would come to work early and perform work.

17. Defendant did not pay Plaintiff any wages whatsoever for the off-the clock hours worked by Plaintiff.

18. Defendant additionally did not pay Plaintiff any wages for the time period between his clock in time and his scheduled start time, despite Plaintiff actually working during that period. For example, on April 2, 2019, Plaintiff clocked in at 6:47am but Defendant did not start paying Plaintiff until 7:00am.

19. Defendant further did not pay Plaintiff any wages for the time period between his clock out time and his scheduled "out" time. For example, on August 30, 2019, Plaintiff clocked out at 7:13pm, but Defendant did not pay Plaintiff for any time past his scheduled "out" time of 7:00pm.

20. Defendant is required to comply with overtime requirements set forth in the Ohio Revised Code and the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq.*

21. Defendant has violated Ohio Revised Code Sections 4111.03 and 4111.10 and the Fair Labor Standards Act by not paying Plaintiff overtime wages for all hours worked over a regular forty-hour workweek.

22. Defendant's conduct with regard to not paying time-and-a-half overtime wages to Plaintiff was willful.

23. Plaintiff has been damaged by Defendant's non-payment of time-and-a-half overtime wages.

24. Plaintiff is entitled to liquidated damages of one times unpaid overtime compensation pursuant to the Fair Labor Standards Act.

25. Defendant is liable for the costs and reasonable attorney's fees of Plaintiff pursuant to Ohio Revised Code Section 4111.10 and the Fair Labor Standards Act.

WHEREFORE, Plaintiff demands judgment against Defendant for his unpaid overtime wages, liquidated damages, post-judgment interest, attorney's fees and costs, and all other relief to which he is entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Stephan I. Voudris
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiff*

_Mario Malone_ agrees and consents to become a party plaintiff in this lawsuit.

_Mario Malone_

**EXHIBIT A**